GEORGE W. JESSUP, receiver, &c.,

*v.*

SAMUEL THOMASON et al.

[Decided November 17th, 1904.]

1. Where the president and treasurer of a corporation paid to themselves claims due from it within ten days of its insolvency, they may be charged with knowledge thereof, and required to refund.

2. In a suit by the receiver of an insolvent corporation to recover payments, made within ten days of the appointment of the receiver, to a creditor who was not an officer, evidence *held* to show that the creditor, at the time of receiving payment, had knowledge of the insolvency of the corporation, requiring him to refund the same.

On bill, &c.

*Mr. Norman Grey,* for the complainant.

*Mr. William S. Darnell,* for the defendants.

BERGEN, V. C.

This bill was filed by the complainant, as receiver, to compel the defendants to return to him moneys paid them as creditors of the Philadelphia Worsted Company, an insolvent corporation, upon the ground that such payments were made when the cor-

poration was insolvent, or in contemplation of insolvency. The defendants are three in number—Charles Thomason, his wife, Agnes, and Samuel Thomason, the father of Charles. The insolvency of the company was decreed and receiver appointed October 21st, 1903. Charles Thomason and his wife, Agnes, were, respectively, the president and treasurer of the company, and paid themselves the following sums: Charles, on October 11th, 1903, $400; Agnes, October 14th, 1903, $1,000, and October 15th, $400. As these payments were made only a few days before the appointment of the receiver by the officers of the company to themselves, I have no difficulty as to these items. They were manifestly paid and received by these creditors after they, as officers, knew that the company was insolvent, and were paid as preferences to creditors of the company in contemplation of its collapse, and they should refund the amounts so paid.

The other defendant, Charles Thomason, was paid, between October 10th and October 15th, 1903, $1,615, for money loaned and advanced and on account of wages. He was not an officer of the company, and if it had been a payment to an ordinary creditor without notice of insolvency, received while the company was carrying on its usual business, I should, hardly feel justified in holding that such payment would fall under the condemnation of the sixty-fourth section of the Corporation act. If a creditor has no right to retain a payment he would have no right to accept it, and unless he had ascertained that the corporation, when paying him an ordinary debt, was solvent, he could not with safety accept it. Manifestly such a rule would interdict the transaction of business with a corporation, for a condition of insolvency might exist for months, or even years, while to all appearances, so far as strangers to the corporation were concerned, it was solvent; and thus every payment to a creditor, during the period of insolvency, would have to be refunded when the insolvency was disclosed.

My attention has been called to *Miller, Receiver,* v. *Audenried,* 67 *N. J. Eq.* 252, but in that case the corporation had suspended business; its property had been destroyed by fire and the directors were preferring creditors from the proceeds of the insurance, while the conditions were such as to properly

charge the creditors who were preferred, with knowledge of the situation.

A consideration of the evidence relating to the claim of Samuel Thomason convinces me that he knew of the insolvent condition of this company when the payment was made to him.

The stock of the company was largely, if not entirely, held by his son and the son's wife. Current obligations of the company were past due and unpaid, and it was not in funds to pay the above claim. In order to provide the money the father purchased from the company, of which he was the superintendent, a portion of its stock in trade, which he afterwards removed and sold, and the payment made by him for such stock in trade was used to liquidate his claim and that of his son and the son's wife.

I am satisfied that this sale had no other purpose than to provide money in order to prefer the claims of those parties, and that the father knew the company was then in an insolvent condition. The sale of the goods was made, after the company had become insolvent, to the father, who was not a *bona fide* purchaser for valuable consideration, without notice of insolvency, and was carried out for no other purpose than to permit these defendants to obtain a preference, to the injury of other creditors of an insolvent corporation. The father was engaged in no business other than as an employe of this company; he had no use for the goods purchased other than for a resale, and in making this sale the company was doing, through its superintendent, what it could and should have done in the due course of its business, and for no purpose other than that of promptly turning this stock into money, that they might unlawfully distribute it before being overtaken by the insolvency proceedings which so immediately followed.

If the defendants are entitled to a preference for any part of their claims as wages, they can establish that right in the usual way.

The complainant is entitled to a decree against all the defendants, according to the prayer of the bill.