The petitioner, as receiver of American Chocolate Almond Company, an insolvent corporation, prays an order requiring Panayiotis D. Panoulias to turn over to him $3,395.25. The receiver's petition was filed July 1st, 1930. An order was made thereon returnable July 7th, 1930, requiring Panoulias to show cause why he should not turn over to the receiver the sum of $3,395.25 received by him as a preference. The answer of Panoulias, filed September 3d 1930, does not deny the allegations of the petition, but disclaims his liability to the receiver. On April 16th, 1930, a bill was filed in the above-stated cause alleging the insolvency of the defendant corporation. On said date an order was made returnable April 21st, 1930, requiring the corporation to show cause why interalia a receiver should not be appointed. Upon request of the solicitor of the corporation, the hearing on said order was continued to May 8th, 1930, when said solicitor admitted the allegations of the bill, and consented to the appointment *Page 158 
of a receiver. Between the date of the filing of the bill and service of the order to show cause, and the date of the appointment of the receiver, the corporation's funds were augmented by moneys deposited to its credit with the Trust Company of New Jersey. Within the same period Panoulias, president and controlling stockholder of the corporation, having entire management of its business, withdrew $1,345 from the funds of the corporation by checks which he caused to be drawn on the Trust Company of New Jersey, payable to his own order, as payment on account of an indebtedness of upwards of $30,000, alleged to be owing to him; and he caused to be paid to said trust company from the funds of the corporation, by checks of the corporation, the sum of $2,050 in part payment of promissory notes of the corporation upon which he was endorser. In consequence of the withdrawals and payments aforesaid, the corporation, on May 8th, 1930, the date when the receiver was appointed, had a bank balance of only $53.19. It is urged in behalf of the receiver that the withdrawals and payments aforesaid were unlawful preferences to creditors within the purview of section 64 of the Corporation act, and were fraudulently intended to defeat the rights of other creditors of the corporation. Such appears to be the fact. The proofs herein evidence that Panoulias was aware of the insolvency of the corporation when he effected the withdrawals and payments in question. The proofs evidence also that Panoulias was aware prior to the filing of the bill herein that the corporation contemplated insolvency. In a memorandum submitted by the solicitor for Panoulias it is said: "He was the corporation, in fact." The continuance on the order to show cause why a receiver should not be appointed were ostensibly to enable the receipt of the moneys utilized by Panoulias for the purposes aforesaid. It is significant that the payments in question were made subsequent to the filing of the bill and the service of the order to show cause why a receiver should not be appointed for the corporation. It was conceded that the payments to Panoulias and the Trust Company of New Jersey were for antecedent indebtedness of the corporation. Section *Page 159 
64 of the Corporation act provides inter alia that when a corporation becomes insolvent neither the directors nor any officer or agent of the corporation shall in anywise transfer or dispose of any of its property or rights or credits; nor shall they or either of them make any transfer or disposal of property or rights or credits in contemplation of insolvency; and every such transfer or disposal shall be utterly null and void as against creditors. Under P.L. 1919 p. 456 § 4, supplementing the Corporation act of 1896, the title and right of the receiver, for the purpose of avoiding liens and preferences, relates back to the time of the filing of the bill upon which the corporation is adjudged insolvent and receiver appointed. The receiver represents all creditors, stockholders, and other parties in interest. It has been held if a corporation be in fact insolvent, or if it contemplate insolvency, it cannot secure a pre-existing debt, whether or not the creditor has notice of its financial condition. Regina Music Box Co. v. Otto Sons, 65 N.J. Eq. 582
(at p. 586); affirmed, 68 N.J. Eq. 801; Smathers v.Leith, 92 N.J. Eq. 165 (at p. 168). There can be no doubt under our law of the right of a receiver of an insolvent corporation to recover preferential payments made by a corporation to its officers, stockholders or creditors, on an antecedent indebtedness, when payments are made while the corporation is insolvent; and particularly in the case subjudice as to the preferred creditor Panoulias, president, and controlling stockholder of the corporation, having entire management of its business, who, being fully aware of the insolvency of the corporation, preferred himself and the Trust Company of New Jersey as creditors of the corporation in contemplation of its collapse. Jessup v. Thomason, 68 N.J. Eq. 443.
The proofs herein manifest that Panoulias sought to exonerate himself from liability as endorser on promissory notes of the corporation held by the Trust Company of New Jersey, and to prefer the trust company and himself as creditors of the corporation. He cannot thus exonerate himself. He is liable to the petitioner-receiver for the amount of the unlawful preferences thus created by him. Savage v. Miller, 56 N.J. Eq. 432; Duryee *Page 160 
v. Gray, 59 N.J. Eq. 621; Jessup v. Thomason, supra; Woods v.Metropolitan National Bank, 218 Pac. Rep. 266; 4 Am. B.R.
(N.S.) 1911.
I will advise an order requiring Panayiotis D. Panoulias to forthwith pay over to the petitioner-receiver, Henry Frank, Jr., the several sums of money hereinabove mentioned, aggregating $3,395.25, with lawful interest thereon from the respective dates when such moneys were paid from the funds of the insolvent corporation. The Trust Company of New Jersey has not been made a party to this proceeding; therefore the right of the receiver to recover from said company the amount paid to it under the circumstances stated hereinabove is not before the court for determination.