This is a judgment creditor's suit for an accounting against officers and directors of the defendant corporation, and to set aside payments made by the officers and directors to creditors as in fraud of creditors.
The suit is brought under the Corporation Act, the relevant provisions of which are as follows:
"Upon the dissolution in any manner of any corporation, the directors shall be trustees thereof, with full power to settle the affairs, * * * and divide the moneys and other property among the stockholders, after paying its debts. * * *
"The directors constituted trustees, as aforesaid * * * shall be suable by the (name of the corporation), or in their own names or individual capacities, for the debts owing by the corporation, and shall be jointly and severally liable for such debts, to the amount of the moneys and property of the corporation which shall come to their hands as such trustees.
"The trustees shall pay ratably, as far as its money and property shall enable them, all the creditors of the corporation. * * *" R.S. 14:13-5, 6, 8.
In the year 1939, the corporation which at one time had been prosperous had made an investment of $10,000 in another corporation which resulted in the loss of the total investment.
In the early part of the year 1939 the defendant corporation did a certain amount of business, but which business continually became worse, and by July it had substantially ceased operations.
In June, 1939, the Hamilton Trust Company of Paterson, through which the corporation did its financing, closed its doors. Although defendants contend that the corporation did not intend to completely go out of business but only to remain quiescent through a difficult period, it is evident from the testimony that it could not continue and was insolvent.
Thereafter, and on July 25th, 1939, the corporation paid to defendant Jacob Davis $1,500 and on August 1st, $1,000 on account of a loan made by him to the corporation.
From August 8th to September 11th, payments were made to the defendant officers, Kahn and Davis, aggregating $3,165 *Page 247 
purporting to be for past and current salaries. These payments completely exhausted the corporation's resources.
That the corporation was discontinuing its business and winding up its affairs is shown by the records of its business.
In June, 1939, the company's sales were $16,000; its purchases, $21,000. In July, sales were $12,000 and purchases $8,000, almost all of these taking place at the first of the month. There were no purchases after July and total sales after July were only $400. It is evident that the business had collapsed.
Under the circumstances in which the corporation was placed, it was clearly the duty of the officers and directors to distribute its assets ratably among its creditors. It was their duty to treat the assets of the corporation as a trust fund. CamdenMortgage, c., Co. v. Maines, 110 N.J. Eq. 461; Turp v.Dickinson, 100 N.J. Eq. 41; Whitfield v. Kern, 122 N.J. Eq. 332.
Apart from the duty of the officers and directors not to prefer creditors, there was a special duty upon them not to prefer themselves. De Stefano v. American Chocolate Almond Co.,107 N.J. Eq. 156.
In the instant case, under the testimony, it is very doubtful whether the defendants had valid claims even for the salaries for which they made payments to themselves, and the fact that the large payments were made to them, some of it for alleged arrears, after the corporation had substantially ceased doing any business, shows that the payments must have been made in bad faith.
 A decree will be advised for the relief prayed for in the bill. *Page 248