54 N.J. Super. 549 (1959)
149 A.2d 632
WILLIAM J. PIECHOWSKI, PLAINTIFF,
v.
FRANK R. MATARESE ET ALS., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 13, 1959.
*550 Mr. Martin L. Haines argued the cause for the plaintiff (Messrs. Dimond, Haines & Bunting, attorneys).
Mr. Burton Peskin argued the cause for the defendants (Messrs. Fishberg & Peskin, attorneys).
McGANN, J.C.C. (temporarily assigned).
This matter comes before the court on an order to show cause as a result of a levy made pursuant to N.J.S. 2A:17-57 et seq.
The plaintiff seeks to obtain an order against Joseph F. Matarese, Frank R. Matarese and James Matarese, Jr. These men were defendants, along with the Bestby Products Corporation, in an action by the plaintiff wherein he recovered a judgment against the said corporation in the amount of $2,950, and the court dismissed the actions against the individual defendants Matarese.
*551 The plaintiff contends that the individual defendants, who were officers of Bestby Products Corporation, during their tenure did loan corporate monies to two other officers, namely Scanlan and Greenberg, in the total amounts of $2,547.98.
The facts additionally indicate that James Matarese, the president of Bestby Products Corporation, had loaned the corporation $4,200 in 1954 and was repaid said amount in two installments: one in November 1954 in the amount of $1,500, and the balance of $2,700 in March 1955. The facts further show that in March 1955 the corporation did not have sufficient liquid assets to pay its just creditors and had been operating at a loss. The facts also indicate that the plaintiff had loaned the corporation the sum of $5,000 and was repaid in part, i.e., the sum of $2,500.
As indicated above, this action is brought under authority of N.J.S. 2A:17-57 et seq. N.J.S. 2A:17-63 provides in part as follows:
"After a levy upon a debt due or accruing to the judgment debtor from a third person, herein called the garnishee, the court may upon notice to the garnishee and the judgment debtor, and if the garnishee admits the debt, direct the debt, to an amount not exceeding the sum sufficient to satisfy the execution, to be paid to the officer holding the execution or to the receiver * * *." (Italics supplied)
The proponent of the motion maintains that under the authority of the above cited section he has the right to collect the amount of his judgment from the various officers of the corporate debtor, Bestby Products Corporation, because they were responsible for making loans to stockholders or officers of the corporation or assenting to the making of such loans, and individually are jointly and severally liable to the extent of such loans and interest thereon for the payment of the corporate debts. Plaintiff proponent cites R.S. 14:8-10 in support of his claim of individual liability, which provides as follows:
"No corporation shall loan money to a stockholder or officer thereof. If any such loan be made the officers who make it, or *552 assent thereto, shall be jointly and severally liable, to the extent of such loan and interest, for all the debts of the corporation until the repayment of the sum so loaned."
Pursuant to this theory, he points out that the loans are undisputed, and therefore, because he is an unsatisfied judgment creditor of the corporation, he should be paid by, or have his judgment satisfied out of the assets of, the officers of the defendant corporation who made or assented to the making of loans to the other officers or stockholders.
Plaintiff also advances the theory that the corporate defendant, in repaying the loan of $4,200 to the defendant James Matarese, preferred him as a creditor at a time when the corporation was insolvent; that such transaction constituted fraud on the other creditors of the corporation; and that such fraud is presumed by virtue of the circumstances.
This action is resisted strenuously by the individual defendants for many and various reasons, all of which I need not cover in this opinion.
The right to recover from the individual defendants has its authority in N.J.S. 2A:17-63, supra. This section must be interpreted carefully lest a garnishee would have property taken from him by other than due process of law. This is elemental. In fact, it is sine qua non that before the court may direct the satisfaction of a debt out of the fund or assets of the garnishee, the garnishee must admit the debt.
In the case at bar the debt is categorically denied. Therefore, the plain standard of the statute in question is not met because it provides among other things:
"* * * the court may upon notice to the garnishee and the judgment debtor, and if the garnishee admits the debt, direct the debt, to an amount not exceeding the sum sufficient to satisfy the execution, to be paid * * *." (Italics supplied)
In the case of Winchell v. Clayton, 133 N.J.L. 168, 171 (1945), Justice Heher, speaking for our former Supreme Court, said:
*553 "And under R.S. 2:26-179 and 2:26-180, only a debt admitted by the garnishee to be owing by it to the judgment debtor is reachable by this process. See Beninati v. Hinchliffe, 126 N.J.L. 587. * * * Moreover, the daughter (whose monies were sought to be reached by levy) is not a party to this proceeding; and this summary measure cannot be invoked to determine the existence of the asserted debt, for that would constitute an invasion of the right of trial by jury."
And moreover, after a careful analysis of R.S. 14:8-10, supra, it becomes evident that the liability of officers, who have made loans and assented thereto, extends to the full amount of all the loans made together with interest "for all the debts of the corporation until the repayment of the sum so loaned." To fulfill this statutory formula, it would be necessary to have a complete exposition of the facts so that the court would know fully all the amounts loaned, the dates of the loans and the dates of repayments, all the names of the officers making the loans or the names of the officers who "asserted thereto," a complete and accurate resume of all the debts of the corporation, and the amounts presently due on such claims. This, obviously, would require some kind of trial or hearing after due notice so that the statutory principle could be accurately and equitably applied.
The movant also contends that there is a personal liability on the part of the defendant James Matarese, by reason of a loan made by James Matarese to the corporation and which within a short time thereafter was repaid by the corporation, when in fact there were many other unpaid creditors, and while the corporation apparently was insolvent.
The defendants point out, and aptly so, that this same principle applies to the plaintiff who loaned $5,000 to the corporation and who was repaid $2,500 of said sum at a time when other creditors remained unpaid.
The plaintiff urges the theory that when a corporation is involved, the officers and directors act as fiduciaries in relation to the corporation creditors and "cannot use the assets of the corporation to prefer themselves against other creditors"; and further urges that "officers who participate *554 by instigation, aid or assistance in conversion of property by a corporation are personally liable for so doing. Rose v. Bernhardt, 107 N.J.L. 501 (E. & A. 1931)."
Plaintiff also cites Kiernan v. Kahn Davis, Inc., 132 N.J. Eq. 245 (Ch. 1942), and other authorities to support the theory that preferential payment to officers of a corporation is void, that it is "their duty to treat the assets of the corporation as a trust fund."
Obviously, if the theory is applicable then, as indicated in the authorities cited, "it was the duty of the officers and directors to distribute its assets ratably among its creditors." Kiernan v. Kahn Davis, supra.
It therefore follows that if James Matarese, one of the defendants, and Piechowski, the plaintiff, received preferential treatment, and if, further, there is some liability on the part of the officers who loaned money to other officers or stockholders, as well as liability on the part of those officers who "assented thereto," then there are several choses in action which may have value as assets of the corporation and which could be marshalled by a receiver or other person properly authorized to act so that all of the creditors of the corporation (having in mind the priority of secured creditors,) could share pro rata or ratably, without any preference.
In the case of Kiernan v. Kahn Davis, supra, 132 N.J. Eq. at page 247, it was held that "Apart from the duty of the officers and directors not to prefer creditors, there was a special duty upon them not to prefer themselves, DeStefano v. American Chocolate Almond Co., 107 N.J. Eq. 156."
For reasons stated the motion is denied.