107 N.J. Super. 290 (1969)
258 A.2d 142
DONALD A. ROBINSON, TRUSTEE OF MONDRICH SECURITIES CORP., DEBTOR, PLAINTIFF,
v.
HOWARD HALLBERG, DEFENDANT.
DONALD A. ROBINSON, TRUSTEE OF MONDRICH SECURITIES CORP., DEBTOR, PLAINTIFF,
v.
ANN D. BARKER AND AUDREY HALLBERG, DEFENDANT.
DONALD A. ROBINSON, TRUSTEE OF MONDRICH SECURITIES CORP., DEBTOR, PLAINTIFF,
v.
ANN D. BARKER, DEFENDANT.
DONALD A. ROBINSON, TRUSTEE OF MONDRICH SECURITIES CORP., DEBTOR, PLAINTIFF,
v.
FELIX GAITA, DEFENDANT.
DONALD A. ROBINSON, TRUSTEE OF MONDRICH SECURITIES CORP., DEBTOR, PLAINTIFF,
v.
DOROTHY CAMERON, DEFENDANT.
DONALD A. ROBINSON, TRUSTEE OF MONDRICH SECURITIES CORP., DEBTOR, PLAINTIFF,
v.
ALBERT C. BARKER, DEFENDANT.
DONALD A. ROBINSON, TRUSTEE OF MANUFACTURERS CREDIT CORP., DEBTOR, PLAINTIFF,
v.
REA M. SHAPIRO, DEFENDANT.
DONALD A. ROBINSON, TRUSTEE OF MANUFACTURERS CREDIT CORP., DEBTOR, PLAINTIFF,
v.
FRANK PIZZANI, DEFENDANT.
DONALD A. ROBINSON, TRUSTEE OF MANUFACTURERS CREDIT CORP., DEBTOR, PLAINTIFF,
v.
JOSEPH GOLDBERG, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
October 21, 1969.
*291 Mr. Andrew B. Crummy and Mr. Frank J. Vecchione for plaintiff (Messrs. Crummy, Gibbons & O'Neill, attorneys).
Mr. Joseph C. Dickson, Jr. for defendants Howard Hallberg, Ann Barker and Audrey Hallberg, Felix Gaita, Dorothy Cameron and Albert C. Barker (Messrs. Dickson & Dunphy, attorneys).
Mr. Samuel J. Davidson for defendant Rea M. Shapiro (Messrs. Chazin & Chazin, attorneys).
Mr. Charles A. Stanziale, Jr. for defendant Frank Pizzani.
Mr. Joseph F. Walsh for defendant Joseph Goldberg (Messrs. Bracken & Walsh, attorneys).
MINTZ, J.S.C.
These two groups of consolidated cases were submitted to the court for determination upon a stipulation of facts and briefs.
Mondrich Securities Corp. and Manufacturers Credit Corp., related corporations, filed petitions on August 1, 1967 seeking an arrangement under chapter XI of the Bankruptcy Act. On July 25, 1968 the actions were transferred to *292 proceedings for complete reorganization pursuant to chapter X of the Bankruptcy Act, and plaintiff Donald A. Robinson was appointed trustee for each of the corporations.
Each of the defendants had made loans to the respective debtor corporations. Defendants were complete strangers to these corporations except for their status as ordinary creditors. The loans were repaid in the ordinary course of business prior to August 1, 1967, and on or about the dates called for under the respective loan agreements. After each repayment the debtor corporations continued their businesses without interruption until the bankruptcy petitions were filed on August 1, 1967.
The two corporations were insolvent at the time the respective loans were repaid, but none of the defendants had any knowledge of such insolvency nor any reason to suspect insolvency.
Plaintiff contends that the payments of antecedent debts to each of the defendants are void preferences under N.J.S.A. 14:14-2. The basic issue is whether or not it is incumbent upon plaintiff, in order to void the repayments, to prove that defendants had knowledge of the insolvency of the corporations making the payments in the ordinary course of business.
N.J.S.A. 14:14-2 provides in part that:
When any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its real or personal property, choses in action, rights or credits, nor shall they or any of them make any such sale, conveyance, assignment or transfer in contemplation of insolvency.
Any such sale, conveyance, assignment or transfer shall be null and void as against creditors, except that a bona fide purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached. * * *"
This statutory provision was the former section 64 of the General Corporation Act. L. 1896, p. 298.
*293 In the 1969 revision of the Corporation Act (Title 14A), N.J.S.A. 14:14-2 has been replaced by N.J.S.A. 14A:14-10 to 14A:14-14. Nevertheless, as to causes of action arising prior to January 1, 1969, N.J.S.A. 14:14-2 applies. See N.J.S.A. 14A:16-1(3).
The decisional law is in conflict on the precise point in question. Plaintiff argues that the purport of N.J.S.A. 14:14-2 is to treat all creditors of an insolvent corporation as equally as possible. Wilkinson v. Bauerle, 41 N.J. Eq. 635, 640, 641 (E. & A. 1886); Central-Penn National Bank v. N.J. Fidelity, etc., Co., 119 N.J. Eq. 265, 271, 272 (Ch. 1935). Under this view a transfer by an insolvent corporation in payment of an antecedent debt is void regardless of whether or not the transferee had knowledge of said insolvency when receiving payment. The leading authority in support of this contention is Hoagland v. United States Trust Co., 110 N.J. Eq. 489 (Ch. 1932), aff'd o.b. 113 N.J. Eq. 30 (E. & A. 1933). The trial court noted that the sole issue before it was whether on the dates of the two contested payments the company was insolvent, but in the course of its opinion stated:
* * * There is no evidence whatever from which knowledge of the company's alleged financial embarrassment might be imputed to the defendant trust company. The other defendant was fully aware of the financial condition of the W.F. MacEvoy Construction Company, but that knowledge, in my judgment, justified the belief that the debtor company was entirely solvent. But knowledge of insolvency, either by the officers of the debtor corporation itself or by the creditors who received the contested payment is, of course, immaterial. The fact of solvency or insolvency is controlling. * * * [at 492; emphasis added]
To the same effect, see Marini v. Palisade National Bank, 113 N.J. Eq. 495 (Ch. 1933) and 114 N.J. Eq. 76 (Ch. 1938); DeStefano v. American Chocolate Almond Co., 107 N.J. Eq. 156 (Ch. 1930); Regina Music Box Co. v. F.G. Otto & Sons, 65 N.J. Eq. 582 (Ch. 1903), aff'd o.b. 68 N.J. Eq. 801, 802 (E. & A. 1905). Subsequent to Hoagland, *294 supra, this precise question was again considered in Long v. Republic Varnish Enamel, etc., Co., 115 N.J. Eq. 212 (E. & A. 1934). The court there held:
There is no proof that, at the time the payments were made, the corporation was insolvent in the legal sense, or had suspended its ordinary business for want of funds to carry on the same. * * * Moreover, payment to an ordinary creditor, without notice of insolvency, received while the company was carrying on its usual business, does not fall within the condemnation of section 64 of the General Corporation Act. If the rule were otherwise, a creditor could not safely accept payment of an ordinary debt, unless he had ascertained that the corporation was solvent. As was said * * * in Jessup, * * * supra: `Such a rule would interdict the transaction of business with a corporation, for a condition of insolvency might exist for months, or even years, while to all appearances so far as strangers to the corporation were concerned, it was solvent; and thus every payment to a creditor during the period of insolvency would have to be refunded when the insolvency was disclosed.'" [at 217, 218; emphasis added]
As noted in that opinion, this view is expressed in the earlier case of Jessup, Receiver, etc. v. Thomason, 68 N.J. Eq. 443 (Ch. 1904). Long v. Republic Varnish Enamel, etc., Co., supra, was followed in Solomon v. Amervoll Co. Inc., 13 N.J. Misc. 873 (Ch. 1935). As already noted, Hoagland and Long, supra, are in direct conflict on the precise issue as to whether or not payment by an insolvent corporation of an antecedent debt to an ordinary creditor without notice of insolvency and while the corporation is carrying on its usual business is within the condemnation of N.J.S.A. 14:14-2. However, Long, constitutes the latest pronouncement by our highest court on this subject, and this court is obliged to apply that ruling.
I conclude that the payments received by defendants from the respective debtor corporations, without any notice of their insolvency and while the respective corporations were carrying on their usual business, do not constitute preferential or void payments within the purview of N.J.S.A. 14:14-2. If that statute were construed otherwise, unsuspecting creditors who in good faith received payments of *295 their antecedent debts from an insolvent debtor in the ordinary course of business might, years later, be forced to return the moneys to the debtor's trustee in bankruptcy or receiver for the benefit of creditors whose claims may have arisen after the dates of such payments.
In reaching this conclusion I am not unmindful of the comment by the Corporation Law Revision Commissioners following N.J.S.A. 14A:14-10:
In its consideration of the fraudulent transfer and preference provisions of Title 14, the Commission concluded to repeal section 14:14-2 and to substitute for it provisions similar to those contained in the Bankruptcy Act. The Commission felt that there was no logical reason for the enactment on the state level of a harsher rule in respect to fraudulent transfers than that in force on the federal level. By the enactment of the sections of this chapter dealing with fraudulent transfers and preferences, the Commission feels that sufficient safeguards are erected for all creditors while at the same time giving recognition to other creditors who in good faith and without intent to defraud or be preferred acquire preferred or secured positions.
The Commissioners, in making this comment, had reference to section 60 of the Bankruptcy Act (11 U.S.C.A. § 96), which makes a transfer of property of the debtor while insolvent to a creditor on account of an antecedent debt a voidable preference if made within four months before the filing of a petition in bankruptcy by or against the debtor, and provided the creditor receiving the payment had reasonable cause to believe that the debtor was insolvent. Suffice it to say that N.J.S.A. 14A:14-14 (1) (a) and (1) (c) incorporate these cited bankruptcy provisions. However, the Commissioners' comment does not deal with the conflicting interpretations accorded N.J.S.A. 14:14-2 in our decisional law.
In view of the foregoing determination, it is unnecessary to pass upon the additional defenses raised by defendant Shapiro.