PER CURIAM.
This is an appeal from a $500 sanction imposed by Judge Small of the Tax Court. Appellant presents these three points on his appeal:
POINT I — APPELLANT SHOULD BE GIVEN LESS THAN THE LEGAL
PERMISSIBLE SANCTION BY THE APPELLANT DIVISION ON APPEAL.
POINT II — INABILITY TO TRY A CASE ON A DATE MARKED PEREMPTORILY WHICH WAS NOT KNOWN TO THE ATTORNEY IS NOT CONTEMPT.
POINT III — PLAINTIFF’S COUNSEL WAS DENIED PROCEDURAL DUE
PROCESS BECAUSE THE ORDER TO SHOW CAUSE WAS NOT MADE
RETURNABLE BEFORE ANOTHER JUDGE.
We conclude that this sanction was in no sense imposed for contempt of the court. This sanction was imposed because counsel was not prepared to proceed to trial on a peremptory trial date. As a result, the case was dismissed. The $500 sanction was imposed as a condition for reinstatement of the matter on the trial *170 list. As an aside, we observe that appellant was then able to negotiate a quite favorable disposition of the tax appeal on behalf of his client.
We repeat, this was not a contempt proceeding but simply an imposition of a sanction under R. 1:2-4. See State v. Audette, 201 N.J.Super. 410, 414, 493 A.2d 540 (App.Div.1985); see also R. 8:8— 5.
Affirmed.