SMALL, J.T.C.
These matters are before me on remand by order of the Appellate Division dated February 9, 1995, to reconsider the matter in light of Rutherford Realty Assocs. v. Rutherford Borough, 277 N.J.Super. 347, 649 A.2d 898 (App.Div.1994). The parties declined my invitation to submit additional argument subsequent to the remand order.
For the years 1992 and 1993, the plaintiffs in these cases filed appeals of the local property tax assessments made by the assessor of the City of East Orange on the apartment houses which they owned. The Essex County Board of Taxation affirmed both assessments in both years and timely appeals from those four assessments were taken to this court.
In July 1993, a case management notice was sent to the parties from the Tax Court Management Office in Trenton, setting a trial date of September 28, 1993. In accordance with this court’s procedures, since the parties were not prepared to proceed to trial on September 28, 1993, a case management order was entered establishing pre-trial deadlines, including a trial date of May 23, 1994, and an exchange date for experts’ reports of February 15, 1994. The order was agreed to and signed by the attorneys for both parties; the attorneys were given copies of the order.
Plaintiffs’ attorneys delivered their expert’s reports to defendant’s attorney on the eve of trial. Defendant moved to suppress the reports and that motion was granted consistent with the case *507 management order and R. 8:6-l(b)(l) which requires the exchange of experts’ reports no later than ten days before the trial date. Plaintiffs then moved for an adjournment and that motion was denied. Thus, when plaintiffs were called upon to present their case, they had no witness and no evidence. The assessments, initially affirmed by the Essex County Board of Taxation, were affirmed by this court.
Appeals were taken to the Appellate Division. On motion by defendant, City of East Orange, the matters were remanded to this court for reconsideration in light of Rutherford Realty, supra.
In Rutherford Realty this court entered a case management order, identical in form to the one entered in these cases. The attorneys representing plaintiff in that case, failed to provide their adversary with an expert’s report before the agreed-to and court-ordered trial date. In similar fashion to the eases now before me, the case was dismissed because plaintiff could not go forward without an expert. That case differs, however, from the current cases in that on plaintiffs motion to reconsider, this court restored the case to the trial calendar, imposing sanctions in the nature of a reinstatement fee for plaintiffs’ failure to comply with the case management order. The monetary sanctions imposed by the Tax Court in Rutherford Realty were consistent with action previously taken by this court and subsequently approved by the Appellate Division in Cedar Wright Gardens v. Lodi Borough, 14 N.J.Tax 182 (App.Div.1994).
The Appellate Division’s opinion in Rutherford Realty, supra, makes clear that the procedural default of delivering an expert’s report late should not result in dismissal of a ease. The determination in that case vacated the monetary sanctions imposed as a cost of reinstatement. Although identical sanctions were approved by the Appellate Division in Cedar Wright Gardens, supra, and although the Cedar Wright Gardens case was brought to the attention of and briefed for the Appellate Division in the Rutherford Realty case, the opinion in Rutherford Realty did not discuss the earlier determination in Cedar Wright Gardens. The vacation of the sanctions imposed in Rutherford Realty *508 is inconsistent with the determination in Cedar Wright Gardens. The Rutherford Realty court did not articulate its reasons for (1) vacation of the sanctions or (2) rejection of its sister panel’s determination in Cedar Wright Gardens, supra.
When choosing between conflicting Appellate Division determinations, a trial court should generally follow the later determination. Robinson v. Hallberg, 107 N.J.Super. 290, 294, 258 A.2d 142 (Ch.1969), aff'd o.b. per curiam, 110 N.J.Super. 364 (App.Div.), certif. denied, 57 N.J. 129, 270 A.2d 32 (1970). But see Flint v. Lawrence Tp., 6 N.J.Tax 97, 102 (Tax 1983), Sabella v. Lacey Tp., 204 N.J.Super. 55, 61 (App.Div.1985) and Seatrain Lines v. Edgewater Borough, 4 N.J.Tax 378, 385 (Tax 1982), aff'd, 192 N.J.Super. 535, 471 A.2d 439 (App.Div.1983), rev’d on other grounds, 94 N.J. 548, 468 A.2d 197 (1983) (cases which discuss the trial court’s right under certain circumstances to examine which of conflicting Appellate Division determinations should be followed rather than automatically following the later-decided case).
A trial court judge conscientious about his or her responsibilities to manage his or her docket and with a sense of the dignity of the court and an obligation to deal effectively with those who would ignore and or disobey the Rules and court orders must follow the precedent of Cedar Wright Gardens (which permits the imposition of sanctions when the Rules and court orders are ignored or disobeyed). I feel compelled by the remand order in this ease and the Appellate Division’s ruling in Rutherford Realty to restore this case to the trial calendar. Nevertheless, since the Appellate Division in Rutherford Realty did not articulate its reasons for vacating the sanctions imposed as a reinstatement fee, I will follow the procedure approved in Cedar Wright Gardens, and impose a reinstatement fee of $400 in each case. (see slip opinion infra, at 6, for an explanation of the quantum of the sanction).
In both Cedar Wright Gardens and Rutherford Realty, this court permitted an application by defendant for costs in connection with plaintiffs failure to comply with the Rules and' court orders. *509 In both of those cases, defendant’s attorneys declined to apply for the award of such costs. Consistent with this court’s rulings in those cases and absent the specific criticism of that action by either of the reviewing panels of the Appellate Division, this court will entertain defendants’ attorneys application for an award of costs occasioned by plaintiffs failure to adhere to the Rules and this court’s orders in these cases. Such application must be supported by affidavits substantiating those costs and on notice to the plaintiffs. I note, that these costs, if applied for and awarded, would be awarded under authority of R. l:2^(a) as made applicable to the Tax Court by R. 8:8-5 and would not be in the nature of a contempt, see Cedar Wright Gardens, supra, or an award pursuant to New Jersey’s so-called Frivolous Claims Statute, N.J.S.A. 2A:15-59.1 and see Throckmorton v. Egg Harbor Tp., 12 N.J.Tax 419 (Tax 1992), rev’d, 267 N.J.Super. 14, 630 A.2d 794 (App.Div.1993).
I note that this is the third time (there may be other occasions which have not been reported or otherwise brought to the court’s attention) that the attorneys who represent plaintiffs in these cases have taken an appeal from the consequences of their- failure to deliver a timely expert’s report. In each case, this court has imposed a different sanction (Throckmorton, costs under The Frivolous Lawsuit Act; Rutherford Realty, monetary sanctions under R. l:2-4(a) and R. 8:8-5; and Beechwood Gardens and Continental Apartments, suppression of expert testimony resulting in dismissal.) In each case the Appellate Division has voided the sanction or remanded the case. The Appellate Division cannot possibly intend that court orders and the Rules be violated without sanction. Since a reinstatement fee of $500 was approved in Cedar Wright Gardens for no report, I will impose a $400 fee for an extremely late report.
The sanction imposed in this case follows the sanction approved in Cedar Wright Gardens, supra, and the pattern of the reinstatement provisions of R. 4:23-5. Under that rule if a case is dismissed for failure to answer interrogatories it can be reinstated *510 by the submission of responsive answers accompanied by a reinstatement fee.
The attorney for plaintiffs will prepare orders restoring these cases to the trial calendar on the submission of experts’ reports and the payment to the Clerk of the Tax Court of a reinstatement fee of $400 in each case. At the time of restoration, application should be made for the fixing of a trial date.