156 N.J. Super. 203 (1978)
383 A.2d 747
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TIMOTHY REMBERT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1978.
Decided February 22, 1978.
*205 Before Judges ALLCORN, MORGAN and HORN.
Mr. David L. Kervick, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Lowell Espey, Deputy Attorney General, argued the cause for respondent (Mr. John Degnan, Attorney General of New Jersey, attorney; Mr. William F. Hyland, former Attorney General of New Jersey).
PER CURIAM.
Defendant appeals his conviction, by jury, of possessing a rifle and shotgun (N.J.S.A. 2A:151-41(b)), contending that his possession of the rifle was not unlawful by virtue of State v. Repp, 129 N.J. Super. 588 (App. Div. 1974), which represented the law at the time the alleged offense was committed, and that the reversal of that opinion in State v. Repp, 69 N.J. 222 (1976), after the commission of the offense, cannot be given retroactive effect so as to render criminal acts which were innocent when undertaken. He also contends, in the alternative, that the two convictions should be merged.
The facts underlying these contentions are not complex. On August 17, 1975 four persons were discovered by police in a car containing a rifle, a shotgun and a pistol.[1] Defendant was the driver of the car. The rifle was owned by Daryl Sheffield who, at the time, possessed an admittedly valid purchaser's identification card. Sheffield was, accordingly, acquitted by the court on motion. The shotgun, however, was owned by a codefendant, Jory Westfield, who testified that he had purchased it from an unknown person on the street. Westfield did not possess a purchaser's identification card.
Defendant's first contention requires us to consider the effect to be given an opinion from the State's highest court *206 reversing an Appellate Division opinion under which defendant's acts, for which he was convicted, would have been held legal. On August 15, 1974 this court decided State v. Repp, supra, which held, in substance, that joint possessors of a rifle or shotgun could not be convicted under N.J.S.A. 2A:151-4(b) if the owner legally possessed the weapon, that is, if he held a purchaser's identification card or was exempt from the requirement of holding one. On December 11, 1974 the State's petition for certification was granted. On August 17, 1975 defendant was arrested for possession of the weapons and several months later, on January 27, 1976, the opinion of the Appellate Division was reversed, the Supreme Court holding that the protection of a purchaser's identification card was personal to the holder and would not protect a joint possessor. See also, State v. Riley, 69 N.J. 217 (1976), decided the same day as State v. Repp, supra.
The trial judge held that the Supreme Court holding in State v. Repp controlled. Defendant appeals that ruling. We reverse defendant's conviction of possessing the rifle.
There is no question but that the Appellate Division opinion in State v. Repp, supra, declared lawful defendant's possession of the rifle; under that opinion, Sheffield's purchaser's identification card rendering his possession of his rifle lawful protected defendant as well. The decision of an intermediate appellate court is the law of the State until reversed or overruled by the court of last resort. Byrnes v. Hudson Cty. Boulevard Comm'rs, 121 N.J.L. 497 (E. & A. 1939). Overruled and reversed decisions should be regarded as the law as to innocent acts committed prior to a change therein whether by reversal or overruling. "It is uniformly recognized that it would be fundamentally unjust to render criminal, by an overruling decision, conduct which was not criminal when it occurred." State v. Koonce, 89 N.J. Super. 169, 185 (App. Div. 1965). See also, Johnson v. State, 18 N.J. 422, 429 (1955). The pendency of Repp before the Supreme Court at the time of the offense makes no difference. Those subject to law must be enabled to *207 know what that law is at any given time, and the law at the time of defendant's possession of the rifle declared such possession lawful because of the owner's holding of a purchaser's identification card.
Our holding herein, however, has no effect on defendant's conviction of possessing the shotgun. The uncontradicted evidence was that codefendant Westfield was the owner of the shotgun and he possessed no purchaser's identification card. His possession of the shotgun was therefore unlawful and there existed no source by which defendant would be protected as a joint possessor even under the Appellate Division opinion in State v. Repp, supra. As noted in that opinion upon which we have held defendant was entitled to rely:
We believe it would be arbitrary in a case of joint possession of a firearm by the owner thereof and others to hold that, while the owner is protected by an identification card or by the lack of necessity to have it, his joint possessors are guilty of a crime. [129 N.J. Super. at 595, emphasis supplied]
Hence, under the reversed State v. Repp, supra, the joint possessor shared the owner's protection afforded by the identification card or exposure to criminal responsibility from the owner's lack thereof. Nothing in that opinion suggests that an identification card held by a joint possessor, not the owner, would protect others in joint possession. The conviction for possession of the shotgun will therefore stand.
Because of our disposition, it becomes unnecessary to consider defendant's contention that the two convictions should be merged.
The conviction of possession of the rifle, count 2, is reversed. Defendant's conviction of possessing the shotgun, count 1, is affirmed.
NOTES
[1] Defendant was acquitted of possession of the pistol.