and as modified is affirmed. We remand the matter for the entry of a modified sentence.

STATE OF NEW JERSEY IN THE INTEREST OF J.M., JUVENILE–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 21, 1988—Decided February 19, 1988.

Before Judges FURMAN and BRODY.

*Daniel A. Warshawsky* argued the cause for appellant (*Alfred A. Slocum*, Public Defender, attorney; *Mark H. Friedman*, Assistant Deputy Public Defender, of counsel and on the brief).

*Frederick E. Gerson*, Assistant Prosecutor, argued the cause for respondent (*Herbert H. Tate, Jr.*, Essex County Prosecutor, attorney; *Marc J. Friedman*, Assistant Prosecutor, of counsel; *Donald J. Sears*, Assistant Prosecutor, on the letter brief).

The opinion of the court was delivered by

FURMAN, P.J.A.D.

Appeal by the juvenile is before us for the second time from an order denying jurisdiction to transfer the charges against him from the Law Division to the Family Part. We again reverse.

The juvenile was charged in July 1985 with juvenile delinquency which would have constituted murder, possession of a handgun without a permit, possession of a handgun for an unlawful purpose and hindering apprehension, if committed by an adult. He was then 17 in age.

Family Part jurisdiction over all four offenses was waived pursuant to *N.J.S.A.* 2A:4A–26a(2)(a), which provides for transfer of a criminal homicide charge without, as in other cases, imposing the burden on the State of showing sufficient seriousness "that the interests of the public require waiver," and pursuant to 2A:4A–26c, which provides:

> c. An order referring a case shall incorporate therein not only the alleged act or acts upon which the referral is premised, but also all other delinquent acts arising out of or related to the same transaction.

The only two eyewitnesses before the Grand Jury testified to a version of the homicide tending to exculpate J.M. of murder. That testimony was not before the Family Part on the State's application for waiver of Family Part jurisdiction. According to the two eyewitnesses, J.M. had a handgun with him but refused to hand it over to codefendant, who was in a fight with the victim; codefendant then struggled with J.M., wrested the handgun from him and shot the victim. Grand Jury returned a no-bill on the murder charge against J.M. and indicted him on the two weapons charges.

About three and a half months later, the juvenile moved in the Law Division for a transfer of the charges against him back to the Family Part. That motion was denied on the ground "there is no jurisdiction in this Court to grant the requested relief." The juvenile moved for leave to appeal. We granted that motion and summarily reversed. We directed that:

> Upon transfer to the Family Part, the Family Part should hear and determine a motion for reconsideration of its prior order of waiver of jurisdiction, in the light of the subsequent Grand Jury action.

The Supreme Court denied the State's application for leave to appeal from our order of summary reversal and transfer back to the Family Part.

The Family Part judge who then heard the matter interpreted our order as a remand for reconsideration of the issue of Law Division jurisdiction to retransfer. He denied that jurisdiction "for basically the reason stated originally by the Law Division judge." The Family Part judge's interpretation of our order was mistaken. In summarily reversing the denial of the juvenile's motion for a transfer to the Family Part, we granted the relief sought in that motion with the direction that a proceeding be held to determine whether Family Part jurisdiction should be waived in the light of the Grand Jury no-bill of the murder charge. From the Family Part's denial of jurisdiction we again granted leave to appeal.

■ The Family Part judge lacked authority to reconsider the issue of Law Division jurisdiction. That issue had been resolved by us in effecting the transfer back to the Family Part. As a lower court judge, the Family Part judge was bound by our order and constrained to follow our direction to rehear and redetermine the issue whether Family Part jurisdiction should be waived and the charges against the juvenile again transferred to the Law Division pursuant to *N.J.S.A.* 2A:4A–26. The obligation of a lower court to adhere to and not to deviate from the mandate of a higher court is fundamental, *State v. Rembert*, 156 *N.J.Super.* 203, 206 (App.Div.1978).

Upon a rehearing pursuant to *N.J.S.A.* 2A:4A–26, the open issues would include whether there is probable cause, in the light of the evidence before the Grand Jury, to believe that the juvenile committed criminal homicide; and, if the answer to the foregoing should be negative, whether the nature and circumstances of the weapons charges or the juvenile's prior record are "sufficiently serious that the interests of the public require waiver." The issue of rehabilitability before age 19 is moot in view of J.M.'s present age of 19 approaching 20.

■ We reverse and remand for failure of the Family Part judge to comply with our prior order. Because of the somewhat tangled history of this litigation, we add the following.

Upon a Grand Jury no-bill of the charge upon which waiver of Family Part jurisdiction was premised, the Law Division, in our view, had jurisdiction both by statute and inherently to transfer back to the Family Part the lesser charges "arising out of or related to the same transaction."

*N.J.S.A.* 2A:4A-25 authorizes transfers from the Law Division to the Family Part when it is ascertained that a person charged with a crime in the Law Division was a juvenile at the time of its commission. We see no reason not to apply that statute when it is ascertained that a juvenile is charged in the Law Division only with a crime or crimes that would not warrant waiver of Family Part jurisdiction without a showing by the State of such sufficient seriousness "that the interests of the public require waiver." Likewise, we see no reason not to recognize inherent authority in the Law Division, following the Grand Jury no-bill of a more serious charge, to retransfer to the Family Part for its determination whether to waive jurisdiction over the pending lesser charges.

Our view of the Law Division's statutory and inherent jurisdiction accords with the legislative intent of the Code of Juvenile Justice, *N.J.S.A.* 2A:4A-20 *et seq.* *See N.J.S.A.* 2A:4A:-21, in particular *N.J.S.A.* 2A:4A-21b:

> This act shall be construed so as to effectuate the following purposes:
>
> .     .     .     .     .     .     .     .
>
> b. Consistent with the protection of the public interest, to remove from children committing delinquent acts certain statutory consequences of criminal behavior, and to substitute therefor an adequate program of supervision, care and rehabilitation;

In the case of J.M., the sanction would be harsh if he is convicted as an adult of the two weapons offenses with which he remains charged: mandatory imprisonment of three years or one-third of his custodial sentence, whichever is greater, pursuant to the Graves Act, *N.J.S.A.* 2C:43-6c. The result below, compelling that sanction upon a criminal conviction, is contrary to the clear legislative policy favoring Family Part disposition

of charges against juveniles except as modified by *N.J.S.A.* 2A:4A–26.

We reverse and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.