700 A.2d 904

IN THE MATTER OF THE SEIZED
FIREARMS IDENTIFICATION
CARD OF PETER HAND.

Superior Court of New Jersey
Chancery Division Family Part
Cape May County

Decided March 18, 1997.

*Lynn M. Bowlby*, Assistant Prosecutor Cape May County, for the State.

*H. Parker Smith*, for defendant.

BATTEN, J.S.C.

In this weapon's forfeiture application brought by the Office of the Prosecutor of Cape May County pursuant to provisions of the Prevention of Domestic Violence Act, specifically *N.J.S.A.* 2C:25–21d(3), the defendant Peter Hand (hereinafter "defendant") moves for dismissal of the petition at the conclusion of the State's case based upon (1) absence of specific statutory authority for seizure of authorization papers and (2) failure of the State to petition the court for forfeiture of the item seized within forty-five (45) days of seizure. *Id.* The object of the State's petition is not a weapon, but, instead, a firearms identification card seized by police incidental to service of a temporary restraining order upon the defendant.[1] For reasons indicated hereinbelow, this court denies the defendant's motion and directs that trial proceed in due course.

On May 28, 1996, members of the Sea Isle City Police Department responded to 237–B 57th Street, Sea Isle City, for purposes of serving a temporary restraining order upon the defendant.[2] The domestic violence complaint earlier filed alleged that the defendant, then resident at this address, had committed acts of domestic violence as against his wife, Colene A. Hand, "threaten-

---

[1] This court has considered the Supreme Court's recent opinion in *In Matter of Return of Weapons to J.W.D.* (A–84–96) and concludes that the issues here involved remain unaddressed by any reported opinion.

[2] Plaintiff resides in Villas, New Jersey, approximately fifteen miles southwest of Sea Isle City.

ing to put her six (6) feet under and to burn the house down with her in it; threatening to get her fired and to not allow her to use her car." The complaint also alleged a history of domestic violence in that defendant "threatened to kill [plaintiff] on several occasions in the past". While the complaint specifically requested (1) prohibition against weapons possession ("rifle or shotgun"), (2) seizure of weapons ("rifle or shotgun"), and (3) law enforcement seizure of firearms permits, licenses and I.D. cards ("shotgun or rifle"), the temporary restraining order entered on May 28, 1996 contained no authorization to search for and seize any weapons or documents. The firearms identification card here in issue was thus seized by way of a warrantless search.

At the forfeiture hearing, plaintiff, as the State's only witness, testified that, despite threats of physical violence, the defendant had never threatened her with unlawful use of any weapons. Furthermore, plaintiff was aware that, at the time of the filing of the domestic violence complaint, defendant was no longer in possession of any firearms or weapons. Specifically, defendant had earlier sold his firearms because "he was afraid of what he might do". Defendant's anger, according to plaintiff, related to the parties' separation, pending divorce, defendant's unhappiness about plaintiff's cohabitation with a significant other, and then-pending mediation between the parties on issues of custody and visitation with the parties' two natural children, all incidental to the divorce action. While the record contains no evidence that the law enforcement officer seizing the firearms identification card "deliver[ed] all weapons seized ... to the county prosecutor and.... append[ed] an inventory of all seized weapons to the domestic violence report", N.J.S.A. 2C:25–21d(2), the State and defendant both acknowledge that the county prosecutor's office was not advised of the seizure of the firearms identification card by the Sea Isle City Police Department until November 1, 1996, exactly 156 days subsequent to the seizure of the card and forty days prior to the filing of the petition for forfeiture by the office of the county prosecutor. Indeed, the forfeiture petition was filed

196 days subsequent to seizure of the card.[3]  The parties further acknowledge the dismissal of the domestic violence complaint and vacation of the temporary restraining order at the June 12, 1996, return date for the final hearing, at which time both plaintiff and defendant were represented by counsel.  Prior to dismissal, the court required testimony by each of the parties and found that plaintiff's request for dismissal was made freely, voluntarily, and with an understanding of the consequences of dismissal, specifically, waiver of right to trial.

Defendant now moves, at the conclusion of the State's case, for dismissal of the petition and compulsory return of the firearms identification card, asserting, first, that seizure of the defendant's firearms identification card was unlawful in that the temporary restraining order authorized no such seizure of either a weapon or document of the type here involved.  Defendant argues more preliminarily that there exists no statutory authority for seizure of a firearms identification card in that the Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25–18 to –33 (hereinafter "the Act"), authorizes seizure only of ". . . any weapon that is contraband, evidence or instrumentality of a crime" or ". . . any weapon that the officer reasonably believes would expose the victim to a risk of serious bodily injury", *N.J.S.A.* 2C:25–21d(1)(b).  Noting that the officer serving the temporary restraining order upon the defen-

---

[3] The stipulation by both parties as to May 28, 1996 seizure of the firearms identification card and the November 1, 1996, notification to the Prosecutor's office about the seizure establishes non-compliance with the clear and unambiguous language of *N.J.S.A.* 2C:25–21d(3) which states, in pertinent part, that:

> (3) Weapons seized in accordance with the above shall be returned to the owner except upon order of the Superior Court.  The prosecutor who has possession of the seized weapons may, upon notice to the owner, petition a judge of the Family Part of the Superior Court, Chancery Division, within 45 days of seizure, to obtain title to the seized weapons, or to revoke any and all permits, licenses and other authorizations for the use, possession, or ownership of such weapons pursuant to the law governing such use, possession, or ownership, or may object to the return of the weapons on such grounds as are provided for the initial rejection or later revocation of the authorizations, or on the grounds that the owner is unfit or that the owner poses a threat to the public in general or a person or persons in particular.

dant did not effectuate a mandatory arrest contemplated by *N.J.S.A.* 2C:25–21a(1)–(4) or otherwise assert the permissive authority to arrest or sign a criminal complaint against the defendant, per *N.J.S.A.* 2C:25–21b, the State, argues defendant, "illegally seized Mr. Hand's firearms identification card without either a warrant or other legal authority to do so". Further, given the defendant's voluntary disposition of all firearms prior to the filing of the domestic violence complaint and service of the temporary restraining order upon him, the firearms identification card thus seized by a member of the Sea Isle City Police Department did not then or now relate to a "seized weapon", nor has the State moved to "revoke any and all permits, licenses and other authorizations for the use, possession or ownership of such weapons". *N.J.S.A.* 2C:25–21d(3). Second, defendant moves for dismissal of the petition and return of the identification card by virtue of the State's failure to comply with the requirement of *N.J.S.A.* 2C:25–21d(3) that "the seized weapons shall be returned to the owner" should the prosecutor "not institute an action within 45 days of seizure".

In response, the State argues that the firearms identification card was lawfully seized, citing generally the Legislature's contemplation that the remedies afforded through the Act be objects of "broad application. . . . in the civil and criminal courts of this State". Consistent therewith, the State argues, the Act, per *N.J.S.A.* 2C:25–29b(16), specifically authorizes:

> (16) An order prohibiting the defendant from possessing any firearm or other weapon enumerated in subsection r. of *N.J.S.* 2C:39–1 and ordering the search for and seizure of any such weapon at any location where the judge has reasonable cause to believe the weapon is located. The judge shall state with specificity the reasons for and scope of the search and seizure authorized by the order.

The firearms identification card here involved or, presumably, any other handgun or weapon permit or license, is justifiably seized when so authorized by a Superior Court judge through execution of a temporary restraining order authorizing search for and

seizure of a weapon.[4]   Noting the failure of the temporary re-
straining order to contain any such provision prohibiting weapons
possession or, alternatively, authorizing a search on weapons, the
State argues that authority to seize a firearms identification card
or other documentary authorization to purchase or own a firearm
or weapon is implicit to the statutory authorization for law en-
forcement officers to search for and seize weapons.  *N.J.S.A.*
2C:25–21d(1)(a), (b).   The State also asserts the timeliness of its
December 6, 1996, petition, filed 196 days subsequent to the May
28, 1996, seizure of the firearms identification card, citing *State v.
Saavedra,* 276 *N.J.Super.* 289, 294, 647 *A.*2d 1348 (App.Div.1994)
and *State v. Volpini,* 291 *N.J.Super.* 401, 677 *A.*2d 780 (App.Div.
1996).

Defendant, anticipating this argument, distinguishes *Saavedra,
supra.,* from the facts here involved.  First, *Saavedra* involved a
temporary restraining order which contained an affirmative and
specific warrant for seizure of the defendant's handgun.  Second,
the State in *Saavedra* filed its forfeiture petition outside the 45
day statutory period contained within *N.J.S.A.* 2C:25–21d(3).
Third, the weapon seized in *Saavedra* was not delivered to the
county prosecutor's office in timely fashion due, in part, to an
order by a municipal court judge directing the local police depart-
ment to retain physical possession of the weapons;  no such order
exists here.   Fourth, the prospect confronting the trial court and
Appellate Division in *Saavedra,* i.e. return of a weapon to "an
*offending* spouse or other person" within the context of "an
*unresolved* domestic violence complaint" consequent to unqualified
adherence to the language of the statute, resulted in the court's
reliance upon the more general language of the Legislature in
expressing its intentions to "insure the victims of domestic vio-

---

[4] Contrary to the argument by the State, however, this record clearly estab-
lishes that the defendant was never prohibited from possessing firearms.  Fur-
thermore, the temporary restraining order failed to include affirmative and
specific authorization for search of the defendant's residence or other location
for purposes of seizure of either firearms or the firearms identification card.

lence the maximum protection from abuse the law can provide" notwithstanding untimely delivery of a seized weapon to the office of the county prosecutor. *N.J.S.A.* 2C:25–18; *Saavedra, supra,* 276 *N.J.Super.* at 294, 647 *A.*2d 1348. Here, the complaint was dismissed at the final hearing at the request of the plaintiff, approximately 6 months prior to the forfeiture hearing; as such, defendant was not then nor has he since been adjudicated to have offended or otherwise violated provisions of the Act.

## DECISION

The propriety of the seizure of the firearms identification card under these circumstances is a function of both law and fact. The State correctly observes the Legislature's clear intention "to assure the victims of domestic violence the maximum protection from abuse the law can provide" through "... the broad application of the remedies available under this Act in the civil and criminal courts of this State". *N.J.S.A.* 2C:25–18. This legislative expression ought not be construed, however, as a diminution of the breadth and scope of constitutional protections against denial or loss of property without due process and equal protection under the law. *U.S. Const. Amend. I, II,* IV, V, IX. Indeed, the final sentence of the Legislature's declaration of intention establishes that "the existing criminal laws and civil remedies created under this Act will be enforced without regard to the fact that the violence grows out of a domestic situation". *N.J.S.A.* 2C:25–18. Certainly, the language of the statute, where clear and unambiguous, must be given its stated and ordinary meaning; *Wene v. Meyner,* 13 *N.J.* 185, 197, 98 *A.*2d 573 (1953). The difficulty occurs, however, where, as relates to the forfeiture provisions of *N.J.S.A.* 2C:25–21d(3), the Legislature has clearly and unambiguously stated that which our Appellate Division in *Saavedra, supra.,* has concluded was not intended.

Declaring, in *Saavedra,* that the "unambiguous language of the seized weapon delivery provision leaves no room for interpretation" to such extent that "[t]he statutory command is without

equivocation", *Saavedra, supra,* 276 *N.J.Super.* at 293, 647 *A.*2d 1348, the court held that the 45 day period within which the application for forfeiture must be filed by the county prosecutor does not commence to run on the date of "seizure" by law enforcement agencies but, instead, the date on which the county prosecutor "came into possession of the weapon or ... had knowledge of its seizure". *Id.* at 294, 647 *A.*2d 1348. While here, as in *Saavedra,* local police failed to follow the "clear and unambiguous statutory direction as to the transmittal of the weapon", *Id.* at 293, 647 *A.*2d 1348, the county prosecutor nonetheless filed the forfeiture application within 45 days of (1) receipt of notice of the fact of seizure and (2) actual possession of the item seized, thereby rendering the application timely. *Id.* The facts distinguishing *Saavedra* from this case do not justify interpretation of the very same forfeiture provisions variant to the Appellate Division decision in that case. While defendant's argument, that "seizure" means "seizure", enjoys logic and appeal, it is an argument which contravenes the governing decisional law of this state. This court is compelled, through application of the doctrine of *stare decisis,* to adhere to the statutory construction given the forfeiture provisions by our Appellate Division in *Saavedra, supra.* and *State v. Volpini,* 291 *N.J.Super.* 401, 677 *A.*2d 780 (App.Div. 1996), and so find, as in those cases, that the petition by the office of the prosecutor of Cape May County, filed 40 days subsequent to its notification of the seizure of the firearms identification card by the Sea Isle City Police Department, satisfies the 45 day requirement of *N.J.S.A.* 2C:25–21d(3). *State v. Rembert,* 156 *N.J.Super.* 203, 383 *A.*2d 747 (App.Div.1978); *State in Interest of B.T.,* 145 *N.J.Super.* 268, 367 *A.*2d 887 (App.Div.1976); *Bergen County Bd. of Taxation v. Borough of Bogota,* 104 *N.J.Super.* 499, 250 *A.*2d 440 (Law Div.1969); *Rozmierski v. City of Newark,* 42 *N.J.Super.* 14, 125 *A.*2d 747 (Law Div.1956); *Mannillo v. Gorski,* 100 *N.J.Super.* 140, 241 *A.*2d 276, remand 54 *N.J.* 378, 255 *A.*2d 258 (1969). As a result, defendant's jurisdictional challenge must fail.

█ In the context of this interpretive history, the court notes that specific seizure provisions of the Act address only weapons,

not authorization papers. *N.J.S.A.* 2C:25–21d(1)–(3). In pertinent part, the statute, per Section d(1)(a–b), states:

> (1) In addition to a law enforcement officer's authority to *seize any weapon* that is contraband, evidence or an instrumentality of crime, a law enforcement officer who has probable cause to believe that an act of domestic violence has been committed *may:*
>
> (a) question persons present to determine whether there are *weapons* on the premises; and
>
> (b) upon observing or learning that a *weapon* is present on the premises, seize *any weapon* that the officer reasonably believes would expose the victim to a risk of serious bodily injury. (emphasis added.)
>
> [*N.J.S.A.* 2C:25–21d(1)(a), (b) ].

The statutory authorization for questioning of persons present at the scene of domestic violence and seizure of any weapon reasonably believed by the officer to expose the victim to risk of serious bodily injury is therefore permissive—not mandatory—yet, once exercised by the officer, obligates the investigating officer to "deliver all weapons seized pursuant to this Section to the county prosecutor" and "append an inventory of all seized weapons to the domestic violence report". *N.J.S.A.* 2C:25–21d(2).[5] Here, defendant does not challenge the factual predicate for seizure of weapons but, instead, the factual and legal predicate for seizure of a firearms identification card alone and at a point in time when there existed no factual basis for the investigating officer to even suspect the presence of firearms or other weapons at the home of the defendant. A careful reading of the Act, however, resolves this issue.

The only statutory references to documents of the nature herein seized are found in those portions of the statute authorizing the county prosecutor to

---

[5] This portion of the statute does not require delivery of seized weapons to the county prosecutor within a specific period of time; the forty-five (45) day forfeiture petition period subsequent to the seizure presumes, however, that delivery of the weapon to the prosecutor will occur sufficiently in advance of the expiration of that period so as to afford the county prosecutor reasonable time to review the circumstances attendant to the weapon seizure and, in appropriate cases, file the forfeiture application. *N.J.S.A.* 2C:25–21(d)(3); *Saavedra, supra.*

> ... petition a judge of the Family Part of the Superior Court, Chancery Division, within 45 days of seizure, to obtain title to the seized weapons, or to *revoke any and all permits, licenses and other authorizations* for the use, possession, or ownership of such weapons pursuant to the law governing such use, possession, or ownership ....

or mandating

> ... return of the firearms, weapons and *any authorization papers relating to the seized weapons* to the owner if the complaint has been dismissed at the request of the complainant and the Prosecutor has determined that there is insufficient probable cause to indict; or if the defendant is found not guilty of the charges; or if the court determines that the domestic violence situation no longer exists.
>
> [*N.J.S.A.* 2C:25–21d(3).]   (Emphasis added.)

While there exists no specific statutory authorization for the seizure of "permits, licenses", or "any authorization papers", such as a firearms identification card, the foregoing provision for "return" of "any authorization papers" presumes their seizure incidental to search for and seizure of weapons consistent with the provisions of the Act.   Even were the statute silent on the issue of "return", the seizure of authorization papers alone, incidental to search for weapons never found, would undeniably inhibit the ability of the owner or licensee to purchase lawfully other firearms.   This impediment to further purchase of firearms, occurring at or corresponding to a time of heightened emotions (if not actual domestic violence) would surely protect the alleged victim to a degree not otherwise possible.   This enhancement of victim protection through temporary seizure of authorization papers is specifically sanctioned by the Act; were it not, the benefit to the alleged victim is nonetheless exactly what the Legislature contemplated and sought to achieve through passage of the Act.[6]   In either instance, seizure of the card incidental to an appropriate search for weapons is lawful.

---

[6] Indeed, our Appellate Division has recently characterized the Legislative findings and declaration of intent, contained in *N.J.S.A.* 2C:25–18, as "the clear and unequivocal message" that "[l]aw enforcement personnel and the courts [are] encouraged to insure, indeed charged with insuring, the safety of all victims exposed to actual or potential acts of domestic violence or abuse". *Saavedra, supra,* 276 N.J.Super. at 292, 647 A.2d 1348.

■ For this reason, defendant's second argument, that failure of the investigating officer to confirm the presence of any weapons to which "authorization papers", such as a firearms identification card, might pertain renders the seizure unlawful, is equally flawed. Although weapons in the instant case may have been sold by the defendant prior to the filing of the domestic violence complaint, indicia of lawful possession and ownership of those—and other—weapons, the firearms identification card, was appropriately seized consistent with the specific mandate of the Act, i.e. minimization of the prospect of further domestic violence through resort to weapons such as firearms or handguns. Possession of such documentation renders purchase or other procurement of a firearm much easier than otherwise, notwithstanding a statutory scheme in this State which renders application for and approval of such authorization to purchase a firearm a pre-condition to its purchase and ownership. *N.J.S.A.* 2C:58–3 to –16. Seizure of the firearms identification card by a law enforcement officer pursuant to statutory procedure diminishes the prospect of possession or ownership of weapons pending the final domestic violence hearing or subsequent petition by the county prosecutor for specific relief as relates to weapons or the card itself. In this regard, seizure of the authorization paper, i.e. the firearms identification card, incidental to unsuccessful yet lawful search for weapons, is, under these facts, entirely appropriate. *State v. Saavedra, supra,* 276 *N.J.Super.* 289, 647 *A.*2d 1348; *N.J.S.A.* 2C:25–18.

For the foregoing reasons, this court must deny defendant's motion to dismiss the state's forfeiture petition and return the seized firearms identification card. This decision nonetheless reserves to the defendant his right to proceed with his defense and ultimately obtain adjudication of his objection to forfeiture pursuant to *N.J.S.A.* 2C:25–21d(3).