897 A.2d 434

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. EDWARD MCGOVERN, DEFENDANT–APPELLANT,IMO SEIZURE OF CERTAIN WEAPONS BELONGING TO EDWARD MCGOVERN.

Superior Court of New Jersey
Appellate Division

Submitted April 25, 2006—Decided May 17, 2006.

Before Judges COLLESTER, LISA and S.L. REISNER.

*Lefkowitz, Murphy, Peluso & Cicala,* attorneys for appellant (*Joseph Cicala,* on the brief).

*Wayne J. Forrest,* Somerset County Prosecutor, attorney for respondent (*Jamin Cooper,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

LISA, J.A.D.

Appellant, Edward McGovern, appeals from an order denying his motion to dismiss a weapons forfeiture petition initiated by the Somerset County Prosecutor, pertaining to weapons seized pursuant to a domestic violence restraining order. The sole basis for appellant's motion was that the forfeiture petition was not filed within forty-five days of the seizure as required by *N.J.S.A.* 2C:25–21d(3). Judge Bartlett found that the filing was timely under the circumstances presented. We agree and affirm.

Appellant is a member of the South Bound Brook Police Department. On February 4, 2005, appellant's paramour, M.C., sought and obtained a temporary domestic violence restraining order, based upon a series of abusive acts, at least one of which involved a gun. The order directed seizure of weapons owned by appellant, including his duty weapon, and permits to purchase or carry firearms. Officers of the Woodbridge Police Department seized several off-duty firearms at appellant's residence, and officials of the South Bound Brook Police Department relieved appellant of his service weapon.

About three weeks earlier, on January 15, 2005, M.C. reported to law enforcement authorities other misconduct she alleged appellant engaged in, some of which was based upon her personal knowledge and some allegedly divulged to her by appellant. The incidents she reported included one in which appellant allegedly discharged a firearm, shooting into the window of a commercial establishment in Bridgewater Township. M.C. initially contacted the Somerset County Prosecutor's Office with this information; they, in turn, referred her to appellant's employer, the South Bound Brook Police Department. Based upon the information provided, the investigation into appellant's conduct spread to Bridgewater, the location of the alleged shooting incident, and on January 26, 2005, M.C. gave a taped recorded statement to the Bridgewater Township Police Department.

The investigation was then taken over by the Somerset County Prosecutor's Office, which began both an internal affairs and criminal investigation of appellant. On February 3, 2005, Lieutenant Stuart Buckman, the commanding officer of the Criminal Investigations Unit in the Prosecutor's Office was assigned to investigate the allegations of official misconduct by appellant. In the course of his investigation, Buckman became aware on February 5, 2005 that the restraining order had been issued and that the South Bound Brook Police Department relieved appellant of his duty weapon. On February 7, 2005, Buckman received a copy of the Woodbridge Police Department's inventory of the weapons they had seized from appellant three days earlier.

The Somerset County Prosecutor's Office contains a Domestic Violence Unit, including a Domestic Violence Weapons Forfeiture Unit. Frances Wise, an employee in the Domestic Violence Unit, serves as the liaison between municipal police agencies and the Unit. She is the sole individual responsible for receiving the initial notification from municipal police agencies when weapons have been seized after a domestic violence incident.[1] On Febru-

---

[1] Presumably a back-up person would be designated for this responsibility in Wise's absence.

ary 17, 2005, Wise received notification from the Woodbridge Township Police Department informing her that four firearms had been seized from appellant following the domestic violence incident.

The Prosecutor's Office filed the forfeiture petition on March 30, 2005. This was forty-one days after Wise received notification of the seizure of the weapons, but fifty-four days after the seizure actually occurred on February 4, 2005 and fifty-one days after Buckman had been informed by both agencies of the seizures. Before a hearing was held, the parties reached an agreement, as reflected in the final order entered on September 15, 2005, that allowed appellant to retain possession and use of weapons issued by his department for work purposes and authorized him to re-petition the court for a return of the remainder of his weapons and firearms purchaser identification card or permit to carry in not less than one year after the October 1, 2005 effective date of the order. However, on appeal, appellant seeks the immediate and unconditional return of his weapons and permits.

*N.J.S.A.* 2C:25–21d(3) authorizes prosecutors to petition for forfeiture of seized weapons "within 45 days of seizure." We have eschewed a literal interpretation of the statutory time requirement in favor of reading it in connection with other provisions and the underlying purposes of the Prevention of Domestic Violence Act, and concluded that the time does not begin to run until the prosecutor comes into possession of the weapon or has knowledge of the seizure. *State v. Saavedra,* 276 *N.J.Super.* 289, 294, 647 *A.*2d 1348 (App.Div.1994). Our rationale rested upon the presumption that until the prosecutor actually received the weapon or notice of its seizure, the prosecutor could not undertake the required evaluation to make an informed decision as to whether to seek forfeiture within the forty-five day timeframe. *Ibid.* If the statute were applied literally, and if the clock began to run on the date of the seizure, this important provision in the statutory scheme might well be frustrated. We explained:

> Requiring the delivery of the seized weapon to the county prosecutor is not a legislative accident. As the chief law enforcement official in the county under the authority of *N.J.S.A.* 2A:158–1 et seq., the prosecutor is in the best position to assure even-handed approaches to the disposition of seized weapons and to present consistent positions to the court in the summary hearings held in connection with forfeitures. *N.J.S.A.* 2C:25–21d(3). It would not be surprising to find, for example, that in the zealous enforcement of this Act, there will be weapons seized out of a heightened sense of caution, erring on the side of safety rather than running the risk of being sorry. Again, *the prosecutor, through a trained staff, would be able to recognize and discern these situations and deal with them in a responsible way*, never however losing sight of the primary objective of the act— protection of the victim. *See, N.J.S.A.* 2C:25–20. (mandatory training in the handling, investigation and response to domestic violence complaints).
> [*Id.* at 294–95, 647 *A.*2d 1348 (emphasis added).]

Consistent with our rationale in *Saavedra,* the Somerset County Prosecutor's Office should not be "charged" with notice of these forfeitures based upon the information received by Buckman in the criminal investigation he was conducting regarding appellant's alleged misconduct unrelated to the domestic violence case. Buckman was not associated with the Domestic Violence Unit and had no responsibility for receiving and processing information from local police agencies pertaining to weapons seized in domestic violence cases and the evaluation and decision of whether to seek forfeiture.

The Prosecutor's Office appropriately established and maintained a Domestic Violence Unit, and within it designated a specific individual with the responsibility for receiving and processing seizure information. That individual, Wise, then had the responsibility to assure that those responsible for the forfeiture decision would conduct their assessment and make the decision within the forty-five day timeframe after she received notification. This internal procedure in the prosecutor's office is consistent with and in furtherance of the purposes and procedures required by the Prevention of Domestic Violence Act to assure that "trained staff" perform the acts required under the Act to provide maximum protection to victims. *Id.* at 295, 647 *A.*2d 1348. This structure also assures that all local police agencies have a system in place by which they can perform their required function of promptly delivering seized weapons to the county prosecutor and being assured

that the required information reaches the right person within the prosecutor's office in a timely fashion. *See N.J.S.A.* 2C:25–21d(2). Finally, the procedure assures systematic, consistent and well-informed decision making by the prosecutor's office.

We deem the procedure established by the Somerset County Prosecutor's Office entirely reasonable, consistent with the purposes of the Prevention of Domestic Violence Act, and geared to its efficient implementation and administration. The procedure does not impermissibly compartmentalize divisions within a law enforcement agency for the purpose of avoiding a legal responsibility of the agency. To the contrary, as we have stated, the structure enhances the agency's ability to properly perform its legal responsibility with regard to seized weapons in domestic violence cases. Allowing information received informally, perhaps inadvertently or haphazardly, outside the established channels, by any employee of the prosecutor's office to start the running of the forty-five day time limit would be counterproductive to the legislative scheme.

In this case, the local police agencies promptly delivered the seized weapons and inventories to the Prosecutor's Office, and the information was directed to the responsible person within the Prosecutor's Office. There was no undue delay, and certainly no prejudice to appellant. With the information in the hands of the responsible trained staff, the necessary evaluation and decision was timely made, and the forfeiture petition was filed in less than forty-five days. This is the way the system is supposed to work. Judge Bartlett correctly denied appellant's motion to dismiss the forfeiture petition.

Affirmed.