# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0802-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WEAPONS SEIZED FROM
W.T.,

    Defendant-Appellant.

_____

Submitted April 7, 2025 – Decided July 17, 2025

Before Judges Jacobs and Jablonski.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FO-15-0430-23.

Evan F. Nappen Attorney at Law, PC, attorneys for appellant (Louis P. Nappen, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellant Attorney, of counsel; Terry Ann Linardakis, Supervising Assistant Prosecutor, and Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

W.T.[1] appeals from an October 5, 2023 Family Part order granting the State's application for forfeiture of his firearms, ammunition, and Firearms Purchaser Identification Card ("FPIC") seized by law enforcement under the Prevention of Domestic Violence Act ("PDVA"), N.J.S.A. 2C:25-17 to -35. After their seizure and subsequent resolution of the domestic violence action, the State applied for forfeiture of W.T.'s weapon and FPIC under N.J.S.A. 2C:25-21(d) and N.J.S.A. 2C:64-1. For the reasons that follow, we affirm the order substantially for the sound reasons articulated by Family Part Presiding Judge Madeline F. Einbinder, in her oral decision. We remand for the limited purpose of allowing W.T. to arrange for the transfer or sale of the firearms to an appropriate person pursuant to N.J.S.A. 2C:25-21(d)(3).

I.

On December 21, 2022, in response to a report of assault, police responded to the Ocean County marital residence of W.T. and his wife, E.T. Police arrested W.T. and charged him with simple assault, N.J.S.A. 2C:12-1(a), a predicate act

---

[1] We employ initials and pseudonyms for ease of reference and because the identities of alleged victims of domestic violence are excluded from public access. R. 1:38-3(d)(9) to (10).

A-0802-23

under the PDVA. N.J.S.A. 2C:25-21(d)(3). That same day, a Superior Court judge issued a temporary restraining order ("TRO") in favor of E.T., accompanied by a search warrant authorizing seizure of firearms and FPIC.

The search warrant was executed on December 23, 2022. W.T.'s weapons and FPIC were seized. The weapons consisted of hunting knives, bullets, crossbows, broadhead arrows, a pellet rifle, and two Airsoft sport guns. The State filed a notice and petition for forfeiture with the trial court on February 10, 2023.

On May 24, 2023, E.T. dismissed the TRO pursuant to consensual terms reached in the parties' concomitant divorce proceeding. On October 5, 2023, Judge Einbinder conducted a weapons-forfeiture hearing. At the hearing, the State presented the testimony of a detective from the Ocean County Prosecutor's Office and E.T. The detective confirmed seizure of W.T.'s FPIC. He also described performing a background check and uncovering W.T.'s arrest in October 2016 for simple assault in South Carolina, later confirmed to have resulted in a guilty plea and conviction in that state court.

E.T. testified as to the events of December 21, 2022. She related that an argument began over the amount of time W.T. was spending with W.T.'s new

3

romantic partner and her three children "when he's not even there for his own son." With that, E.T. went into the parties' bathroom.

> [W.T.] was in the bathroom. I stood at the bathroom door. I don't remember exactly what was said, but he did say, just leave me alone. He grabbed my left arm with his right hand and tossed me out of the way. The left side of my face hit the door jam to the bathroom. He left. I called 911, and [the police] came to the house.

As a result of hitting the door jam, E.T. testified she suffered bruising on her inner bicep and had a mark on her left cheek from the door frame and identified photos of her injuries.

She also described other incidents of domestic violence committed by W.T., including an incident in 2019 in which W.T. poured gasoline on her and shoved her toward a fire pit. In another incident in 2020, W.T. allegedly attempted to throw her down a flight of stairs. She elaborated, "There has been tons of incidents where he has slammed me into walls, just restraining me, yelling at me, telling me he's going to kill me, telling me I'm going to leave the house in garbage bags one day, telling me he's going to take my son from me, telling me I'll never amount to anything." Asked if she would be fearful if W.T. got his weapons back, she responded, "Absolutely, 100 percent."

W.T. disputed E.T.'s account of the December 2022 incident, testifying that her injuries were "self-inflicted." He also denied pouring gasoline on E.T.

4

or attempting to push her into a fire pit, claiming that she fabricated the incident and had been drinking heavily on the day in question. W.T. did acknowledge pleading guilty to simple assault in South Carolina but contended that he obtained a FPIC in March 2016, before he was adjudicated guilty and did not know he was obligated to inform New Jersey authorities of the conviction. He claimed to have sold his only handgun "years prior." He acknowledged using the bows and arrows for recreation and hunting.

Following argument, Judge Einbinder found E.T. the more credible witness, accepted her testimony of domestic violence, and determined appellant lacked the character and temperament necessary for the return of weapons under N.J.S.A. 2C:58-3(c)(5). The judge also found the South Carolina conviction to be a disqualifying offense under N.J.S.A. 2C:58-3(c)(1)(b).

II.

In reviewing a Family Part order, an appellate court generally gives the trial court's evaluation "heightened deference" and defers to the judge's factual findings because of their expertise and special training in family matters. In re Forfeiture of Pers. Weapons & Firearms Identification Card belonging to F.M., 225 N.J. 487, 506, 512 (2016). As such, the trial judge's factual findings and legal conclusions will not be disturbed "unless we are convinced that they are

5

so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).  However, an appellate court reviews a trial court's legal conclusions de novo.  In re N.J. Firearms Purchaser Identification Card by Z.K., 440 N.J. Super. 394, 397 (App. Div. 2015).

Under the PDVA, the State is empowered to forfeit firearms.  See N.J.S.A. 2C:25-21(d)(3).  The PDVA's purpose is "to assure the victims of domestic violence the maximum protection from abuse the law can provide." F.M., 225 N.J. at 509 (quoting N.J.S.A. 2C:25-18).  "Because the presence of weapons can heighten the risk of harm in an incident of domestic violence, the [PDVA] contains detailed provisions with respect to weapons."  State v. Harris, 211 N.J. 566, 579 (2012).  The PDVA allows a judge to issue a TRO "to protect a victim of domestic violence and to enter an order authorizing the police to search for and seize from the defendant's home, or any other place, weapons that may pose a threat to the victim."  State v. Hemenway, 239 N.J. 111, 116 (2019). It also is well established that "the voluntary dismissal of a domestic violence complaint does not mandate the automatic return of any firearms seized by law enforcement officers in connection therewith."  State v. Cordoma, 372 N.J.

A-0802-23

Super. 524, 533 (App. Div. 2004). "The State retains the statutory right to seek the forfeiture of any seized firearms[,] provided it can show that defendant is afflicted with one of the legal 'disabilities' enumerated in N.J.S.A. 2C:58-3[(c)]." Ibid.

Unless the prosecutor pursues a forfeiture action, any firearm seized under the PDVA must be returned to the owner within forty-five days of seizure. N.J.S.A. 2C:25-21(d)(3). Following a hearing,

> the court shall order the return of the firearms, weapons and any authorization papers relating to the seized weapons to the owner if the court determines the owner is not subject to any of the disabilities set forth in subsection c. of N.J.S.A. 2C:58-3 and finds that the complaint has been dismissed at the request of the complainant and the prosecutor determines that there is insufficient probable cause to indict; or if the defendant is found not guilty of the charges; or if the court determines that the domestic violence situation no longer exists.
>
> [Ibid. (emphasis added).]

"The burden is on the State to prove 'by a preponderance of the evidence, that forfeiture is legally warranted.'" F.M., 225 N.J. at 508 (emphasis omitted) (quoting Cordoma, 372 N.J. Super. at 533).

A-0802-23

<u>The Trial Judge's Credibility Determinations and Legal Conclusions</u>

Appellant first argues that the trial court erred in finding E.T. credible, pointing to her inaccuracies regarding the recollection of dates and noting that E.T. was drinking alcohol during instances of domestic violence. After review of the record, we consider these inaccuracies — such as the precise year of the South Carolina conviction — as negligible or accounted for in the judge's ruling. The judge credited E.T.'s testimony over W.T.'s, citing its specificity and E.T.'s demeanor as reasons for doing so. The court's determinations are well-supported by the record. Because we are bound to extend heightened deference to the trial court's credibility findings, we see no reason to disturb those reached. See <u>F.M.</u>, 225 N.J. at 511-12 ; <u>State v. Locurto</u>, 157 N.J. 463, 474 (1999) (holding that a trial court's credibility findings need not be set forth in detail so long as "the reasons supporting its determinations of the witnesses' relative credibility may be inferred from, and are well-supported by, the account of the facts and witnesses' testimony presented in its decision.").

<u>Temperament Disqualification under N.J.S.A. 2C:58-3(c)(5)</u>

Weapons will not be returned "to any person where the issuance would not be in the interest of the public health, safety or welfare because the person is found to be lacking the essential character of temperament necessary to be

entrusted with a firearm." N.J.S.A. 2C:25-21(d)(3); N.J.S.A. 2C:58-3(c)(5). As the Supreme Court outlined in F.M.:

> Because "a judicial declaration that a defendant poses a threat to the public health, safety or welfare involves, by necessity, a fact-sensitive analysis," Cordoma, 372 N.J. Super. at 535, "an appellate court should accept a trial court's findings of fact that are supported by substantial credible evidence." In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)).
>
> [225 N.J. at 505-06 (citations reformatted).]

After finding E.T. more credible, the trial court found that it would be contrary to the public safety, health, or welfare if it returned appellant's weapons to him, because "there has been domestic violence in the past between the parties." The court further disqualified appellant under N.J.S.A. 2C:58-3(c)(5), finding he lacked the "essential character of temperament necessary to be entrusted with a firearm." Crediting E.T.'s testimony and the circumstances of appellant's conviction and conduct, the record provides substantial credible evidence for this determination. See F.M., 225 N.J. at 506.

Evidence of W.T.'s Disqualifying Conviction

W.T. also argues the State failed to prove his South Carolina conviction by a preponderance of the evidence. The record refutes this claim. Both parties'

9

testimony and the detective's confirmatory background check established appellant's plea and sentence to simple assault in South Carolina, arising out of an act of domestic violence. Under N.J.S.A. 2C:58-3(c)(1)(b), this constitutes a disqualifying conviction. We acknowledge the judge applied the incorrect standard, finding the State satisfied its burden to prove existence of a legal disqualifier beyond a reasonable doubt rather than by a preponderance of the evidence. F.M., 225 N.J. at 508 (allocating burden and standard of proof). However, because the judge ascribed a higher rather than lower standard of proof to the State, W.T. was not prejudiced by this error.

In this context, W.T. contends the forfeiture petition failed to provide adequate notice of the South Carolina conviction. Here, we note that the State's petition also cited N.J.S.A. 2C:58-3(c)(5) and the temperament disqualification, which the trial court credited. Further, we observe that either disqualification— the conviction or public-safety finding—independently suffices to support the judge's legal conclusion. Thus, any notice defect occasioned no prejudice. See State v. S.J.C., 471 N.J. Super. 608, 624 (App. Div. 2022).

Timing of the Petition

Finally, W.T. argues the forfeiture petition was untimely. First, we note this issue was not raised before the trial court. As such, we are not bound to

10

consider it. See N. Haledon Fire Co. No. 1 v. Borough of North Haledon, 425 N.J. Super. 615, 631 (App. Div. 2012) (holding that an issue not raised below will not be considered for the first time on appeal). Nonetheless, we note that the seizure occurred on December 23, 2022, but the record reflects the Toms River Police Department did not notify the Ocean County Prosecutor's Weapons Unit of the seizure until December 28, 2022 by email. The 45-day period under N.J.S.A. 2C:25-21(d)(3) does not begin until the prosecutor receives notice of the seizure. State v. Saavedra, 276 N.J. Super. 289, 294 (App. Div. 1994) ("[W]e do not hesitate to hold that the 45 days within which the prosecutor may petition . . . to forfeit the seized weapon did not begin to run until the prosecutor came into possession of the weapon or, as in this case, had knowledge of its seizure."). The State filed its notice and petition for forfeiture on February 10, 2023, forty-four days after receiving notice. Accordingly, the petition was timely filed.

Transfer or Sale of Weapons

N.J.S.A. 2C:25-21(d)(3) provides that if the court determines the weapons in question are not returned to the owner, it may "order the prosecutor to dispose of the weapons if the owner does not arrange for the transfer or sale of the weapons to an appropriate person within 60 days." Appellant contends that he was not provided this opportunity. In its brief, the State indicates it "has no

objection to the entry of an amended order permitting [W.T.] to arrange through the Ocean County Prosecutor's Office, for the sale or transfer of his weapons to any person, not otherwise disqualified by law (other than a family member residing within [appellant]'s household)." We concur with this procedural stance.

In sum, the trial court's factual findings and credibility determinations are supported by substantial, credible evidence, and any procedural defects were non-prejudicial. Accordingly, the judgment forfeiting appellant's weapons is affirmed, except we remand for the entry of an order permitting W.T. to arrange the sale or transfer of his weapons in accordance with N.J.S.A. 2C:25-21(d)(3).

To the extent we have not addressed them, we have considered all the remaining points raised on appeal and deem them of insufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

12

A-0802-23